**Armando BOTELLO,**

v.

**STATE of Texas.**

**No. 13–84–276–CR.**

Court of Appeals of Texas, Corpus Christi.

March 21, 1985.

Donald Dailey, Jr., Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

On our own motion, we grant a rehearing, withdraw our opinion of March 14, 1985, and substitute this opinion for the original. Appellant was tried and convicted by a jury of aggravated assault. Appellant elected to have the court assess punishment.

Appellant was sentenced by the court to four years' confinement in the Texas Department of Corrections, and the court ordered that appellant pay restitution in the amount of $2,101.20.

■ The instant prosecution grew out of an affray in a bar. In his first ground of error, appellant alleges the evidence is insufficient to show that the victim's injuries were caused by appellant's fists as alleged in the indictment. Appellant argues that the fist is the hand clenched with fingers doubled into the palm, i.e. a closed hand as opposed to an open hand. Appellant concludes that the fist is a special kind of hand, not the hand generally, and appellant alleges the State only proved the latter.

Examining the record, we find the following:

Prosecutor: Now, when you said that they were hitting you, what were they hitting you with?

Victim: With fists, and ... I don't know, I was going out of conscious at that time.

Appellant takes the position that this evidence shows the victim did not know whether he was struck by a fist.

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

At trial there was also testimony before the jury that the victim was struck with an unidentified object. When reviewed in the light most favorable to the verdict, we find the quoted testimony sufficient to support a conclusion by the jury that appellant struck the complaining witness with his fists. A rational trier of fact could conclude that the victim was struck by appellant's fists and by some other object the victim could not identify. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant alleges the evidence is insufficient to show that the victim's injuries were serious bodily injuries. "Serious bodily injury" as defined in TEX.PENAL CODE ANN. § 1.07(a)(34) (Vernon 1974), "means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."

The record includes the following testimony of the victim concerning the injuries he suffered:

Q: What type of injuries did you have?

A: I had a fractured skull. They did me a brain scan. And broken my nose, they cracked my jaw, they fractured my ribs.

Q: Did you have to have any surgery?

A: I had surgery on—on my right hand. I was holding my face like this, and they were striking me. They must have broken one of my nerves or something, so I had—I had surgery on this hand, on my right left (sic) thumb. They pulled the nerve together again.

Q: Can you use your hand as well now as you could before the Botellos beat you up?

MR. CAVADA: Objection, Your Honor. I think that's probably irrelevant.

THE COURT: Overruled.

Q: You may answer the question. Can you use your hand as well as you used to could?

A: No, ma'am.

We hold that the victim's testimony that he could no longer use his hand as well as before he was assaulted is sufficient evidence to show impairment of the function of a bodily member. Appellant's second ground of error is overruled.

 In his third through fifth grounds of error, appellant complains that the order of restitution concerning parole is void because there was insufficient evidence before the trial court to enable it to make a just determination and violates the Due Process Requirements of both the Texas and United States Constitutions. The State concedes that the only evidence to support the court's determination of the amount of restitution for parole was that contained in a pre-sentence investigation report. We sustain appellant's grounds of error. The presentence report was hearsay and as such was insufficient to support the trial court's actions. *Cartwright v. State*, 605 S.W.2d 287 (Tex.Crim.App.1980).

Appellant requests this Court to strike the restitution provision from the judgment. The State suggests that the proper disposition is to affirm the conviction, abate the appeal, set aside the amount of restitution, and remand the cause for a hearing to determine a just amount of restitution.

We have considered the arguments of appellant and the State. We delete the portion of the trial court's judgment which established the amount of restitution. *See Barker v. State*, 662 S.W.2d 640 (Tex.App.—Houston [14th Dist.] 1983, no pet.). As reformed, the judgment of the trial court is affirmed.