

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00071-CR

**KEVIN MILLER,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

**From the 77th District Court**
**Freestone County, Texas**
**Trial Court No. 07-158-CR**

# OPINION

Kevin Miller was convicted of the offense of criminal mischief, a state jail felony. TEX. PENAL CODE ANN. § 28.03 (a)(1), (b)(4) (West Pamp. 2010).  Miller was sentenced to two years in a state jail facility.  The sentence was suspended, and Miller was placed on community supervision for two years.  Although the evidence is legally sufficient to support the element of "cost of repair," the trial court abused its discretion is setting the amount of restitution.  The appeal is remanded to the trial court for a new restitution hearing.

BACKGROUND

Although the stories of the players in this offense vary, the general account is that Miller found his estranged wife, Tonya, with another man, Jason Strawn, at Tonya's house. As Strawn attempted to leave, Miller rammed Strawn's 1989 convertible Mustang with his own vehicle, slashed the tires, and slashed the convertible top. The cost to repair the damage to the Mustang was $6,299.84. At the time of the trial, the Mustang had not been repaired. The trial court ordered restitution for the damage done to the Mustang in the amount of $6,299.84.[1]

## COST OF REPAIR

In his first issue, Miller contends that the evidence is legally insufficient to support the "cost of repair" element to the offense of criminal mischief. He contends the evidence submitted was legally of no effect.

A person commits the offense of criminal mischief when he intentionally or knowingly damages or destroys tangible property without the effective consent of the owner. TEX. PENAL CODE ANN. § 28.03(a)(1) (West Pamp. 2010). The amount of pecuniary loss suffered by the owner determines the degree of the offense. *Id*. at (b). If the property is damaged, the amount of pecuniary loss is determined by "the cost of repairing or restoring the damaged property within a reasonable time after the damage occurred." *Id*. § 28.06(b) (West 2003).

*Jackson v. Virginia* is the constitutional standard of review for assessing the legal

---

[1] The written judgment recites a much greater amount of restitution. We believe this amount includes the amount of restitution ordered in the companion case tried at the same time, wherein Tonya is the victim.

sufficiency of evidence in a criminal case. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979). Under the *Jackson* standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*; *Moff v. State*, 131 S.W.3d 485, 488 (Tex. Crim. App. 2004). In applying the *Jackson* sufficiency review, we "must consider all evidence which the jury was permitted, whether rightly or wrongly, to consider." *Moff*, 131 S.W.3d at 488 (quoting *Thomas v. State*, 753 S.W.2d 688, 695 (Tex. Crim. App. 1988). We consider all evidence actually admitted at trial and give it whatever weight and probative value it could rationally convey to a jury. *Moff*, 131 S.W.3d at 489.

At the guilt/innocence phase of the trial, the State introduced an estimate of the cost of repairing the Mustang through Bobby Ingram, the service manager at Tyler Ford. No objection was made to that document. Ingram stated that the estimate was prepared by an employee at the dealership and entered it in the dealership's computer system at the time the estimate was completed. Ingram then testified that the total cost to repair the vehicle was $6,299.84. Ingram also gave a breakdown of what the total cost included. The repair of the convertible top, a new right door, right quarter panel, and front bumper cover totaled $3,427.57. The cost for labor totaled $2,058, and paint and supplies totaled $350. New tires and their alignment totaled $146.95, and tax amounted to $311.

Relying on an opinion by the 14th Court of Appeals, Miller argues that the testimony from Ingram and the estimate introduced into evidence is insufficient to

establish that damages were equal to or greater than $1,500 because expert testimony was required and the State did not prove that Ingram was an expert.[2] *See English v. State*, 171 S.W.3d 625 (Tex. App.—Houston [14th Dist.] 2005, no pet.). The opinion in *English* relied on an opinion by the First Court of Appeals and an opinion by the Court of Criminal Appeals for that proposition. *See Sebree v. State*, 695 S.W.2d 303 (Tex. App.—Houston [1st Dist.] 1985, no pet.). *See also Elomary v. State*, 796 S.W.2d 191 (Tex. Crim. App. 1990).

However, the Court of Criminal Appeals has recently clarified its position on *Sebree* and clarified what *Elomary* actually meant. *Holz v. State*, 320 S.W.3d 344 (Tex. Crim. App. 2010). In *Holz*, the Court of Criminal Appeals stated, "upon one condition, we agreed with *Sebree's* holding distinguishing between evidence of 'damage' and evidence of 'repair cost': [I]f . . . an individual . . . is not competent to give an expert opinion as to repair costs, but is merely giving his 'off-the-wall' lay opinion, . . . 'an estimate of *damage* or an opinion on the amount of *damage* without further evidence is insufficient to prove the *cost of repairs* as required by sec. 28.06(b) of the Texas Penal Code.'" *Holz*, 320 S.W.3d at 348-349 (quoting *Elomary*, 796 S.W.2d at 193) (emphasis added). The Court went on to say that, "[u]nderstood properly, [that] statement in *Elomary* simply affirms the unremarkable proposition that an unsupported lay opinion as to *damage*, without more, will be insufficient to prove *cost of repair*." *Id*. at 350 (emphasis in original). The Court affirmed that *Elomary* does not hold that the State

---

[2] Miller did not object at trial that Ingram was not qualified as an expert. Any complaint about Ingram's qualifications now is waived. TEX. R. APP. P. 33.1.

must present expert testimony to prove cost of repair.

Accordingly, the State, in this case, was not required to present expert testimony. Considering all the evidence, whether or not properly admitted, the evidence was sufficient to prove cost of repair of an amount of $1,500 or more but less than $20,000. Miller's first issue is overruled.

## RESTITUTION

In his second issue, Miller complains about the amount of restitution the trial court awarded. The Texas Code of Criminal Procedure authorizes the sentencing court to order payment of restitution to the victim for losses sustained as a result of the convicted offense. TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2010). When calculating restitution in an offense that results in the damage or destruction of property, the court may order the defendant:

> (A) to return the property to the owner of the property or someone designated by the owner; or
> (B) if return of the property is impossible or impractical or is an inadequate remedy, to pay an amount equal to the greater of:
>    (i) the value of the property on the date of the damage, loss, or destruction; or
>    (ii) the value of the property on the date of sentencing, less the value of any part of the property that is returned on the date the property is returned.

TEX. CODE CRIM. PROC. ANN. art. 42.037(b)(1) (West Supp. 2010).

While the sentencing court is authorized to order restitution, due process requires three restrictions on the restitution a trial court may order: (1) the amount must be just and supported by a factual basis within the record, (2) the restitution ordered must be only for the offense for which the defendant is criminally responsible, and (3)

the restitution ordered must be proper only for the victim or victims of the offense with which the offender is charged. *Cantrell v. State*, 75 S.W.3d 503, 512 (Tex. App.—Texarkana 2002, pet. ref'd); *see Cabla v. State*, 6 S.W.3d 543, 546 (Tex. Crim. App. 1999).

Restitution ordered by the court will not be overturned on appeal absent an abuse of discretion. *Cartwright v. State*, 605 S.W.2d 287, 288-89 (Tex. Crim. App. 1980); *Maloy v. State*, 990 S.W.2d 442, 444 (Tex. App.—Waco 1999, no pet.). An abuse of discretion occurs when a trial court's decision is so clearly wrong that it lies outside the "zone of reasonable disagreement." *Gonzalez v. State*, 117 S.W.3d 831, 839 (Tex. Crim. App. 2003).

At the punishment hearing, the State asked the trial court to take judicial notice of the evidence and testimony submitted regarding damage submitted during the guilt/innocence phase of the trial. This testimony and evidence included the testimony of Ingram and the estimate of the cost of repair to the Mustang in the amount of $6,299.84. Strawn then testified at punishment that at the time of trial, and if the Mustang was in the condition it was prior to the damage, it would be worth $3,270. As noted above, restitution does not include cost of repair; it includes the value of the property on the date of the damage, or the value of the property on the date of sentencing less the value of any part of the property that is returned on the date the property is returned. TEX. CODE CRIM. PROC. ANN. art. 42.037(b)(1) (West Supp. 2010). Accordingly, the trial court abused its discretion in ordering restitution in the amount of $6,299.84.

Miller's second issue is sustained.

To remedy the trial court's abuse of discretion, Miller argues the amount of restitution should be deleted. He relies on a case from Texarkana which, in turn, relies on a case from Corpus Christi for this proposition. *Wallace v. State*, 75 S.W.3d 576, 583 (Tex. App.—Texarkana 2002), *aff'd*, 106 S.W.3d 103 (Tex. Crim. App. 2003) (affirmed on a different issue); *Botello v. State*, 693 S.W.2d 528 (Tex. App.—Corpus Christi 1985, pet. ref'd). We decline to follow *Wallace* and *Botello* and choose to follow the Court of Criminal Appeals in this situation.

In *Cartwright v. State*, the Court of Criminal Appeals held that when the record evidence is insufficient to support the amount of restitution ordered as a condition of probation, the proper remedy is to remand the case to the trial court for a new restitution hearing. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980). Later, in *Barton v. State,* the Court reaffirmed the holding in *Cartwright*. *Barton v. State*, 21 S.W.3d 287, 290 (Tex. Crim. App. 2000). Later still, in *Beedy v. State*, the Court explained that it had reached the conclusion that it had in *Barton* because "[t]he trial judge in *Barton* was authorized to order restitution" and "the only defect present was that the amount of restitution was unsupported by the record." *Beedy v. State,* 250 S.W.3d 107, 113 (Tex. Crim. App. 2008). Had the trial judge in *Barton* not been authorized to order restitution, the Court explained further, the proper remedy would have been deletion of the restitution condition from the trial court's judgment. *Id.* In other words, the proper remedy "depends on whether the trial judge acted lawfully." *Id*; *Barrera v. State*, No. PD-1642-07, 2008 Tex. Crim. App. LEXIS 857, 6-7 (Tex. Crim. App. Sept. 10, 2008), *opinion withdrawn*, 2008 Tex. Crim. App. Unpub. LEXIS 897 (Tex.

Crim. App. Nov. 26, 2008) (restitution issue did not involve restitution as a condition of community supervision; opinion withdrawn because appellant died prior to issuance of September 10, 2008 opinion).

In this case, the trial court had the authority to order restitution, or at least we presume so because no complaint has been raised about the authority of the trial court to order restitution. Thus, the proper remedy in this case, as in *Cartwright* and *Barton,* is to remand the appeal to the trial court for a new restitution hearing.

CONCLUSION

Because we have sustained Miller's second issue regarding the amount of the restitution ordered, we remand this proceeding to the trial court for a new restitution hearing.

Our decision is a final decision because it disposes of all of Miller's issues. *See Price v. State*, 826 S.W.2d 947, 948) (Tex. Crim. App. 1992) (procedure when remanding for hearing on motion for new trial); *Mendoza v. State*, 935 S.W.2d 501, 503-04 (Tex. App.—Waco 1996, pet. ref'd). The appellate process will start anew as to the amount of restitution, if any, after the trial court's hearing on restitution. *See Bailey v. State*, 160 S.W.3d 11, 15 (Tex. Crim. App. 2004) (sentence is not complete until restitution is imposed).

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Justice Davis concurs without a separate opinion)
Remanded for restitution hearing
Opinion delivered and filed February 23, 2011
Publish
[CR25]