# NO. 12-13-00119-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARSELLES BATTEE,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Marselles Battee appeals his conviction for burglary of a building. In one issue, Appellant challenges the trial court's assessment of restitution. We affirm.

## BACKGROUND

Appellant was charged by indictment with burglary of a building, and signed an agreed punishment recommendation in which he agreed, in part, to pay restitution in an amount "TBD." Appellant pleaded "guilty," and the trial court deferred a finding of guilt, ordered a presentence investigation report (PSI), and set a sentencing hearing. As an addendum to the PSI, the victim provided an affidavit, stating that her losses totaled $15,869.00. At the sentencing hearing, the trial court followed the terms of the plea agreement, including the assessment of restitution in an amount to be determined, and ordered a restitution hearing.

After the restitution hearing, the trial court signed an order determining restitution, ordered that the appropriate restitution was $15,000.00, and directed Appellant to pay $440.00 each month beginning April 2013. This appeal followed.[1]

---

[1] Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure states that in a plea bargain case, a defendant may appeal after getting the trial court's permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). Here, the trial court

<u>**RESTITUTION**</u>

In his sole issue, Appellant argues that the trial court abused its discretion in assessing the amount of restitution.   More specifically, he argues that the amount of restitution is not supported by the record and therefore the evidence is legally insufficient to support the restitution order.

**<u>Standard of Review and Applicable Law</u>**

In addition to any fine authorized by law, a sentencing court may order the defendant to make restitution to any victim of the offense.   *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2012).   We review a trial court's determination of the amount of restitution for an abuse of discretion. ***Campbell v. State***, 5 S.W.3d 693, 696–97 (Tex. Crim. App. 1999); ***Reasor v. State***, 281 S.W.3d 129, 135 (Tex. App—San Antonio 2008, pet. ref'd).

When calculating restitution for an offense that results in the damage or destruction of property, the court may order the defendant

> (A) to return the property to the owner of the property or someone designated by the owner; or
> (B) if return of the property is impossible or impractical or is an inadequate remedy, to pay an amount equal to the greater of:
> (i) the value of the property on the date of the damage, loss, or destruction; or
> (ii) the value of the property on the date of sentencing, less the value of any part of the property that is returned on the date the property is returned.

TEX. CODE CRIM. PROC. ANN. art. 42.037(b)(1) (West Supp. 2012).   In other words, restitution includes the value of the property on the date of the damage or on the date of sentencing less the value of any part of the property that is returned on the date the property is returned.   ***Miller v. State***, 343 S.W.3d 499, 502 (Tex. App.—Waco 2011, pet. ref'd); *see* TEX. CODE CRIM. PROC. ANN. art. 42.037(b)(1).   Any dispute relating to the proper amount or type of restitution shall be resolved by the court.   *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(k) (West Supp. 2012).   The state must prove, by a preponderance of the evidence, the amount of loss sustained by the victim as a result of the offense.   *See **id**.*

While the sentencing court is authorized to order restitution, due process requires three restrictions on the restitution a trial court may order: (1) the amount must be just and supported by a factual basis within the record, (2) the restitution ordered must be only for the offense for which

---

granted permission for Appellant to appeal "<u>only</u> the court's determination on <u>Restitution</u> <u>Amount</u> (as court followed plea agreement)."

the defendant is criminally responsible, and (3) the restitution ordered must be only for the victim or victims of the offense with which the offender is charged. *Miller*, 343 S.W.3d at 502; *see Cabla v. State*, 6 S.W.3d 543, 546 (Tex. Crim. App. 1999).

The owner of property is competent to testify about the value of her property even though she is not qualified as an expert on the value of the property. *Sullivan v. State*, 701 S.W.2d 905, 908 (Tex. Crim. App. 1986). The owner may testify as to her opinion or estimate of the value of the property in general and commonly understood terms. *Id*. at 909. Testimony of this nature is an offer of the witness's best knowledge of the value of her property. *Id.* The testimony will constitute sufficient evidence for the trier of fact to make a determination as to value based on the witness's credibility. *Id.* If the appellant wishes to rebut the owner's opinion evidence, he must do more than merely impeach the witness's credibility during cross-examination. *Id.* He must offer controverting evidence as to the value of the property. *Id.*

## Testimony at Restitution Hearing

Shirley Ann Bryant Roberson testified that she and her husband were the owners of the building that Appellant burglarized. The State produced photographs of Roberson's house that showed the property damage committed by Appellant. Roberson stated that the house's doors and windows were torn out, and sheets of tin were folded and damaged. She also stated that the ceiling, walls, paneling, kitchen cabinets, and wiring were destroyed or torn out. Roberson testified that she determined the approximate amount of her losses by "looking on the internet and seeing what it would be to replace," for example, the windows in the house.

Roberson admitted that when she and law enforcement officers arrived at the house, Appellant and another person (Appellant's codefendant) had a truck loaded with her property and were directed to unload it. She testified that the items recovered from the truck were unusable. She stated that she did not know if everything from the house was on the truck, and did not count the windows unloaded from the truck. Roberson also testified that the windows could not be put back in the house because they were broken out. She admitted that one window was not torn out, but said the glass was broken. She did not know when that window was broken. Roberson conceded that the farm equipment listed in her affidavit was behind the house and some of it was on the truck. However, she stated, the bathtub was not in the truck. Roberson testified that all of the items listed in her affidavit were either something that was taken and recovered, or something that was destroyed beyond use.

Appellant denied that he ripped the ceiling apart, tore windows out of the house, broke windows, ripped the doors off the house, or tore anything out of the walls. During the hearing, the trial court questioned whether the window that was broken, but not torn out, occurred as the result of Appellant's actions or was broken before he entered the property.

**Analysis**

Because an owner can testify about the value of her own property, and Roberson was one of the owners of the property, the trial court was entitled to consider her testimony in making its restitution order. Appellant contends that Roberson provided "nothing other than guesswork" when she testified about the value of the damaged property. However, the record reveals that Roberson explained to the trial court how she acquired the information she used to value the property and Appellant did not offer controverting evidence about the value of the property. *See id.* The trial court ordered $869.00 less as restitution than the amount Roberson claimed in her affidavit. Thus, the trial court took into account property that had been returned and property that could have been damaged by someone other than Appellant. Because Roberson's testimony provided a factual basis for the trial court to determine the restitution, we conclude that the trial court did not abuse its discretion in ordering $15,000.00 as restitution. *See id.* Therefore, the evidence is legally sufficient to support the order of restitution.

We overrule Appellant's sole issue on appeal.

**DISPOSITION**

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered October 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

## OCTOBER 31, 2013

## NO. 12-13-00119-CR

**MARSELLES BATTEE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th Judicial District Court

of Smith County, Texas. (Tr.Ct.No. 007-0922-12)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*