**ABATE and REMAND; and Opinion Filed February 4, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01186-CR

**LAURA SANDERS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. MB10-52665**

## MEMORANDUM OPINION

Before Justices O'Neill, Myers, and Brown
Opinion by Justice Brown

Laura Sanders appeals her conviction for the offense of driving while intoxicated. A jury found appellant guilty, and the trial court assessed her punishment at 180 days' confinement, probated for twenty-four months, and a $750 fine. As a condition of probation, the trial court ordered appellant to pay restitution in the amount of $7,000. In six points of error, appellant contends the trial court erred in allowing expert witnesses and other evidence when the State did not comply with the court's discovery orders, in admitting appellant's medical records into evidence, and in ordering restitution. Appellant's point of error regarding restitution requires us to abate this appeal. Therefore we will not address her other points in this opinion. We set aside the trial court's restitution order, abate this appeal, and remand the case to the trial court for a new determination of the proper amount of restitution.

On the night of February 8, 2010, Samantha Lewis was driving on the Dallas North Tollway and observed appellant driving erratically. Appellant continuously swerved across the all lanes of the tollway for a period of ten to fifteen minutes and almost hit another car. Lewis called 911 to report appellant and exited the tollway. As Lewis was slowing down to stop for a red light, she looked in her rear view mirror and saw appellant "barreling down the exit." Appellant's car struck Lewis's car twice and flipped over. Paramedics arrived and removed appellant from her car and took her to the hospital. A police officer who observed appellant at the hospital and performed a sobriety test testified that appellant did not have normal use of her mental and physical faculties due to alcohol. Further, blood tests performed at the hospital showed that appellant's blood-alcohol level was well above the legal limit.

During the punishment phase of trial, Samantha Lewis testified about the expenses she incurred as a result of the car accident. Her car, a Jeep Cherokee, was totaled. She testified that the amount of damage to her car was $9,822.91. In addition, she had to pay $409.15 to get her car out of impound and had to pay an unspecified sum to have it towed to get an estimate done. Lewis testified that after the accident she went to Urgent Care for pain in her neck and head. She paid a $20 co-payment and was later billed $300. When asked if she had calculated the total amount of damages incurred for her car and medical expenses, Lewis testified that she incurred over $16,000 worth of expenses as a result of the accident and that amount did not include the cost of buying a new car. She further testified that, although she had insurance, it did not cover damages caused by another driver. According to Lewis, appellant did not have car insurance. Lewis testified that a police officer checked on appellant's insurance and informed Lewis appellant was uninsured.

Appellant identified a copy of an insurance card in her name and testified that to the best of her knowledge, her insurance would have covered any damages. The card admitted into

evidence is a Texas Liability Insurance Card in appellant's name with a stated effective date from February 3, 2010 to April 3, 2010. Appellant testified that it was a month-to-month policy, and that she had paid for two months.

The prosecutor told the court she would like Lewis to be compensated in some way, but that she was not asking for the full $16,000. Instead she asked for $7,000 restitution to Lewis. The court ordered $7,000 in restitution, but said that appellant would not have to pay in the event her insurance company paid Lewis.

In her sixth point of error, appellant contends the trial court erred in ordering that, as a condition of probation, she pay Samantha Lewis restitution in the amount of $7,000. One of appellant's complaints is that the amount of restitution does not have a factual basis within the record. Although appellant did not raise this complaint in the trial court, we ordinarily allow defendants to raise sufficiency of the evidence questions for the first time on appeal. Whether the record provides a sufficient factual basis for a particular restitution order could be considered an evidentiary sufficiency question that need not be preserved by objection at the trial level. *See Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002).

In addition to any fine authorized by law, the court that sentences a defendant convicted of an offense may order the defendant to make restitution to any victim of the offense. TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2013); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12 sec. 11(b) (West Supp. 2013) (restitution as condition of community supervision). Restitution may include reimbursement for any loss or destruction of property of a victim of the offense and expenses incurred by a victim due to personal injury resulting from the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(b) (West Supp. 2013). When calculating restitution for an offense that results in the damage to or loss or destruction of property, and the return of the property is impossible or impractical, the court may order the defendant to pay an

–3–

amount equal to the greater of 1) the value of the property on the date of the damage, loss, or destruction, or 2) the value of the property on the date of sentencing, less the value of any part of the property that is returned. TEX. CODE CRIM. PROC. ANN. art. 42.037(b)(1); *Miller v. State*, 343 S.W.3d 499, 502 (Tex. App.—Waco 2011, pet. ref'd).

The amount of restitution must be just, and it must have a factual basis within the loss of the victim. *Campbell v. State,* 5 S.W.3d 693, 696 (Tex. Crim. App. 1999). The State has the burden of proving the amount of loss sustained by the victim of a crime by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 42.037(k) (West Supp. 2013). We review challenges to restitution orders under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980).

Here, Lewis testified that her total expenses related to the accident were "over $16,000," but there was no evidence to show how she reached this amount. Although Lewis testified that the amount of damage to her totaled car was over $9,000, there was no evidence about the value of her car at the time it was damaged. When property is damaged and its return is impossible or impractical, cost of repair is not the standard used to determine the appropriate amount of restitution. *Miller*, 343 S.W.3d at 503. The code of criminal procedure instead speaks in terms of the value of the property. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(b)(1); *Miller*, 343 S.W.3d at 503 (in criminal mischief case, trial court abused its discretion in ordering restitution in amount of cost to repair car). The record is silent on the value of Lewis's car, and the only specific expenses Lewis testified about were $409.15 to get her car out of impound and $320 in medical bills. This evidence does not support the $7,000 restitution order. We conclude the trial court's restitution order does not have a factual basis within the loss of the victim.

The proper procedure when the amount of restitution ordered as a condition of community supervision is not supported by the record is to abate the appeal, set aside the amount

of restitution, and remand the case for a hearing to determine a just amount of restitution. *Barton v. State*, 21 S.W.3d 287, 290 (Tex. Crim. App. 2000). Accordingly, we abate this appeal, set aside the amount of restitution, and remand this case to the trial court for a new restitution hearing consistent with this opinion.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121186FA.U05