# NOS. 12-14-00161-CR
## 12-14-00162-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES CAREY PROSPERIE,* *APPELLANT* | § | *APPEALS FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

James Carey Prosperie appeals his convictions for sexual assault of a child and indecency with a child, for which he was sentenced to imprisonment for consecutive terms of sixteen years each. In two issues, Appellant argues that the trial court erred by failing to conduct a restitution hearing, by failing to specify its reasons for not ordering restitution, and by denying his motion for new trial on punishment. We affirm.

### BACKGROUND

Appellant was charged by indictment with sexual assault of a child and three counts of indecency with a child. Pursuant to plea negotiations, Appellant entered an open plea of "guilty" to sexual assault of a child and one count of indecency with a child, and admitted his guilt of the other two offenses as permitted under Article 12.45 of the penal code. The matter proceeded to a bench trial on punishment.

After reviewing the presentence investigation report and hearing arguments of the parties, the trial court assessed Appellant's punishment in each case at imprisonment for sixteen years and ordered that the sentences run consecutively. Appellant subsequently filed a motion for new trial and new trial on punishment, asking the trial court to "restructure" his punishment, reducing

his prison sentence to two years and ordering $50,000.00 in restitution.  The trial court denied the motion, and this appeal followed.

**MOTION FOR NEW TRIAL**[1]

In his first issue, Appellant argues that the trial court erred by failing to conduct a restitution hearing on his motion for new trial, and by failing to specify its reasons for not ordering restitution after Appellant offered in his motion for new trial to pay a large amount.

In his second issue, Appellant argues that the trial court erred by refusing to "restructure" his punishment because of his age and poor health as requested in his motion for new trial.

**Restitution Hearing**

Under Article 42.037 of the code of criminal procedure, "the court that sentences a defendant convicted of an offense may order the defendant to make restitution to any victim of the offense."  TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2014).  Due process requires three restrictions on the trial court's restitution order: (1) the amount must be just and supported by a factual basis in the record, (2) the restitution must be only for the offense for which the defendant is criminally responsible, and (3) the restitution ordered must be proper only for the victim of the offense with which the defendant is charged.  *Miller v. State*, 343 S.W.3d 499, 502 (Tex. App.—Waco 2011, pet. ref'd).

If a defendant wishes to complain about the appropriateness of—as opposed to the factual basis for—a trial court's restitution order, he must do so in the trial court, and he must do so explicitly.  *Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002).

At trial, the parties never mentioned restitution. During sentencing, the trial court ordered that restitution be paid but did not specify an amount.  The judgments do not reflect any restitution.  Appellant cites Article 42.037 in support of his argument that the trial court erred by failing to conduct a restitution hearing on his motion for new trial.  But that article makes no mention of a mandatory restitution hearing.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(a).

Appellant also cites Article 56.02, subsections (a)(5) and (6) of the code of criminal procedure.  However, subsection (a)(5) relates only to a victim's right to provide information to a probation department conducting a presentence investigation.  TEX. CODE CRIM. PROC. ANN. art. 56.02(a)(5) (West Supp. 2014).  And subsection (a)(6) relates only to a victim's right to receive

---

[1] The grounds raised in Appellant's motion for new trial pertain to punishment only.

2

information regarding state compensation for crime victims, not proposed restitution from an offender. *Id.* art. 56.02(a)(6). Therefore, these provisions do not support Appellant's argument.

Because Appellant has shown no authority supporting his argument that the trial court was required to conduct a restitution hearing on his motion for new trial, we conclude that the trial court did not err by failing to do so. Accordingly, we overrule the portion of Appellant's first issue regarding the trial court's failure to conduct a restitution hearing.

## Reasons for Not Ordering Restitution

Under Article 42.037, "[i]f the court does not order restitution or orders partial restitution under this subsection, the court shall state on the record the reasons for not making the order or for the limited order." TEX. CODE CRIM. PROC. ANN. art. 42.037(a). Thus, the law so favors crime victims' compensation that the trial court must justify its decision not to order restitution to a crime victim. *Burt v. State*, 445 S.W.3d 752, 756 (Tex. Crim. App. 2014). The record reflects that the trial court ordered an unspecified amount of restitution at the time of sentencing. We cannot discern from the record why no restitution is reflected in the judgments.

However, assuming without deciding that the trial court erred by failing to state on the record its reasons for the lack of restitution in the judgments, the error is harmless. On appellate review, a nonconstitutional error must be disregarded unless it affects the defendant's substantial rights. TEX. R. APP. P. 44.2(b); *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011). It is the appellate court's duty to assess such harm after examining the record as a whole. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001).

Appellant does not explain how his substantial rights were affected by the trial court's failure to state its reasons for not ordering restitution. And after reviewing the record as a whole, we have fair assurance that Appellant's substantial rights were not affected by the trial court's failure to state its reasons for not ordering restitution. *See Schutz*, 63 S.W.3d at 444. Therefore, we disregard any such failure. *See* TEX. R. APP. P. 44.2(b); *Barshaw*, 342 S.W.3d at 93. Accordingly, we overrule the remainder of Appellant's first issue.

## Denial of Motion for New Trial

An appellate court reviews a trial court's denial of a motion for new trial for an abuse of discretion, reversing only if the trial judge's opinion was clearly erroneous and arbitrary. *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012); *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006). A trial court abuses its discretion if no reasonable view of the record

3

could support its ruling. *Riley*, 378 S.W.3d at 457. This requires the appellate court to view the evidence in the light most favorable to the trial court's ruling. *Id.* The appellate court must not substitute its own judgment for that of the trial court and must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Id.*

In his motion for new trial, Appellant argued for the first time that the trial court should order him to pay $50,000.00 in restitution, assess a prison sentence of two years in one case, and place him on community supervision for ten years in the other. Appellant contended that there are several reasons the trial court should so "restructure" his punishment. First, Appellant argued that the court should order $50,000.00 in restitution to be placed in a trust fund for the victim's college expenses. He did not explain how such restitution was related to the offense or how he arrived at the particular amount of restitution. He simply opined that, in this way, "the Court could assure that the young victim obtains a college education at Prosperie's expense, and graduates debt free."

Second, Appellant argued that his sentence should be reduced because of his advanced age and because his health and cognitive abilities are poor and declining. He contended that the taxpayers should not be forced to pay the costs of his medical treatment. Appellant did not cite any authority stating that a defendant in poor health should not be imprisoned.

Finally, Appellant asked the trial court to reduce his "effective life sentence" because of society's interest in reintegrating offenders. In support of his request, he cited *Mempa v. Rhay*, 389 U.S. 128, 88 S. Ct. 254, 19 L. Ed. 2d 336 (1967); *Morissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972); and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973). He contended that under those cases and the due process clause, the trial court was required to consider society's interest in reintegration when assessing his punishment. However, those cases addressed due process rights in the context of parole and probation revocations, not sentencing. And even assuming that the trial court was required to consider such an interest in assessing Appellant's punishment, Appellant did not show that it did not.

Appellant raises the same arguments on appeal. None of his arguments constitutes mandatory grounds for a new trial on punishment. *See* TEX. R. APP. P. 21.3. We conclude that the trial court did not abuse its discretion by denying Appellant's motion for new trial on punishment. Accordingly, we overrule Appellant's second issue.

4

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered June 10, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 10, 2015

NO. 12-14-00161-CR

**JAMES CAREY PROSPERIE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1874-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JUNE 10, 2015

### NO. 12-14-00162-CR

**JAMES CAREY PROSPERIE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1875-13)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*