# NO. 12-20-00025-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *HOLLY LEANN ELLIOTT,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Holly Leann Elliott appeals her conviction for theft of property. In three issues, Appellant challenges the restitution order and contends the bill of costs should be modified. We vacate the restitution order and remand the case to the trial court for reassessment of restitution.

## BACKGROUND

Appellant was charged by indictment with theft of property in an amount of $30,000.00 or more but less than $150,000.00. Appellant pleaded "guilty" to the offense, and the matter proceeded to a bench trial on punishment. After hearing the evidence and arguments of counsel, the trial court assessed Appellant's punishment at imprisonment for ten years. The trial court further imposed a $10,000.00 fine and ordered that Appellant pay $117,630.00 in restitution. This appeal followed.

## RESTITUTION

In her first issue, Appellant urges the trial court erred in assessing a restitution amount that is unsupported by the evidence.

**Standard of Review and Applicable Law**

Texas law authorizes a sentencing court to order payment of restitution to the victim for losses sustained as a result of the convicted offense. TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2019). Due process requires a factual basis in the record for the amount of restitution ordered. *Martin v. State*, 874 S.W.2d 674, 676 (Tex. Crim. App. 1994*); see also Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980). Further, restitution must be "just," that is, supported by sufficient factual evidence in the record that the expense was incurred. *Thompson v. State*, 557 S.W.2d 521, 525–26 (Tex. Crim. App. 1977).

Challenges to the sufficiency of the evidence supporting a restitution order can be raised for the first time on appeal. *Idowu v. State*, 73 S.W.3d 918, 921–22 (Tex. Crim. App. 2002). We review a trial court's restitution order for abuse of discretion. *Cartwright*, 605 S.W.2d at 289. The trial court abuses its discretion when it acts in an arbitrary or unreasonable manner. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). Due process is implicated when the trial court abuses its discretion in setting the amount of restitution. *See Cartwright*, 605 S.W.2d at 289. Due process places the following limitations on the restitution a trial court may order: (1) the restitution must be for injuries or damages for which the defendant is criminally responsible, (2) the restitution must be directed to the victim or victims of the offense, and (3) the restitution amount must be just and supported by a factual basis in the record. *Burt v. State*, 445 S.W.3d 752, 758 (Tex. Crim. App. 2014). Thus, we review the record to determine if there was sufficient factual evidence of an amount which the court could find "just." *Cartwright*, 605 S.W.2d at 289.

**Analysis**

Appellant urges that the evidence is insufficient to support the restitution assessed. Specifically, Appellant argues that she was charged with the distinct crime of stealing the property of Eva Sealey and that the evidence only supports that she owes Sealey $84,000.00. She contends that the $117,630.00 ordered by the trial court includes additional money allegedly owed to individuals not named in the indictment. Appellant further argues that the judgment does not identify to whom the restitution is to be paid.

Appellant was charged with and convicted of unlawfully appropriating, by acquiring or otherwise exercising control over, property of the value of $30,000 or more but less than $150,000, from Eva Sealey. While employed at Sealey's business, Centaur Arabian Farms,

2

Appellant stole and embezzled money. As a manger and event/wedding planner for Centaur, Appellant altered the books to make it appear that brides renting the venue had paid in full when she personally accepted and pocketed the cash payments. The presentence investigation report indicates that Appellant took $117,630.00 that should have been paid to Centaur Arabian Farms and Sealey. Accordingly, contrary to Appellant's contention, the $117,630.00 is not money owed to other victims but is money owed to Sealey. The restitution ordered was related only to the offense for which Appellant is criminally responsible and it applied only to the losses suffered by the victim of the offense, Sealey. *See Miller v. State*, 343 S.W.3d 499, 502 (Tex. App.—Waco 2011, pet. ref'd). As a result, the trial court did not abuse its discretion when it ordered Appellant to pay $117,630.00 in restitution. We overrule this part of Appellant's first issue.

The trial court's judgment, underneath "Restitution Payable To:" states: "(See special findings or order of restitution which is incorporated herein by reference)." However, no order of restitution or special findings appear in the record designating to whom Appellant is to pay restitution. When it is clear during the sentencing hearing that restitution will be ordered but the recipients of restitution are not orally pronounced, it is appropriate to remand a case for a restitution hearing. *Burt*, 445 S.W.3d at 761. Here, no restitution recipient was orally pronounced. We sustain this portion of Appellant's first issue.

### BILL OF COSTS

In her second and third issues, Appellant contends the trial court erred in including certain items in the bill of costs, i.e., the "time payment" fee previously authorized by Texas Local Government Code, Section 133.103 and the fine assessed by the trial court.[1]

We have held that the time payment fee previously authorized by Section 133.103 is facially unconstitutional. *Irvin v. State*, No. 12-19-00347-CR, 2020 WL 5406276, at *7 (Tex.

---

[1] The Texas Legislature passed legislation, effective January 1, 2020, that transfers Texas Local Government Code, Section 133.103 to Texas Code of Criminal Procedure, Article 102.030 and revises the statute to provide that all of the fees collected under the section are "to be used for the purpose of improving the collection of outstanding court costs, fines, reimbursement fees, or restitution or improving the efficiency of the administration of justice in the county or municipality." *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, § 2.54, 2019 Tex. Sess. Law Serv. Ch. 1352. The changes apply only to a cost, fee, or fine assessed on a conviction for an offense committed on or after the effective date of the Act. *Id.* § 5.01. Because the offense in this case was committed before January 1, 2020, the former law applies. *See Ovalle v. State*, 592 S.W.3d 615, 617 n.1 (Tex. App.–Dallas 2020, pet. filed).

App.—Tyler Sept. 9, 2020, no pet. h.) (mem. op., not designated for publication); *see also* ***Salinas v. State***, 523 S.W.3d 103, 112 n.54 (Tex. Crim. App. 2017); ***Ovalle v. State***, 592 S.W.3d 615, 618 n.1 (Tex. App.—Dallas 2020, pet. filed); ***Simmons v. State***, 590 S.W.3d 702, 712 (Tex. App.–Waco 2019, pet. filed); ***Dulin v. State***, 583 S.W.3d 351, 353 (Tex. App.–Austin 2019, pet. granted); ***Johnson v. State***, 573 S.W.3d 328, 340 (Tex. App.–Houston [14th Dist.] 2019, pet. filed) (concluding that, because the portions of time payment fee authorized by subsections Section 133.103(b) and (d) were deposited in general revenue and were not sufficiently allocated to administration of criminal justice system, those subsections were facially unconstitutional as violating the separation-of-powers provision of Texas Constitution).

Fines are punitive and intended to be part of the convicted defendant's sentence. *See* ***Armstrong v. State***, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Court costs, however, are "compensatory in nature" and are "a non-punitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Id.*; ***Williams v. State***, 495 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2016), *pet. dism'd*, 2017 WL 1493488 (Tex. Apr. 26, 2017).

Here, the judgment of conviction reflects that the trial court assessed $311.00 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $127,941.50. The certified bill of costs itemizes the court costs imposed, which total $10,311.50 with a $10,311.50 balance remaining. The bill of costs indicates that the $15.00 time payment fee will be assessed if any part of the court costs is paid on or after the 31st day after the date the judgment assessing the court costs is entered. *But see* TEX. LOC. GOV'T CODE ANN. § 133.1103(c) (West Supp. 2019) (treasurer shall deposit ten percent of fees collected under this section in general fund of county or municipality for purpose of improving efficiency of administration of justice in county or municipality).

The proper remedy when a trial court erroneously includes amounts as court costs is to modify the judgment to delete erroneous amounts. *See* ***Sturdivant v. State***, 445 S.W.3d 435, 443 (Tex. App.–Houston [1st Dist.] 2014, pet. ref'd). Accordingly, we will modify the trial court's judgment and Attachment A to reflect the appropriate assessment of court costs that do not include the time payment fee. *See* ***Ovalle***, 592 S.W.3d at 618. Appellant's second issue is sustained.

The bill of costs also includes the $10,000 fine imposed by the trial court. A bill of costs must be in writing and contain "the items of cost." TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2018). As noted above, fines are fundamentally different than court costs. Fines constitute punishment and are part of the defendant's sentence whereas court costs are those financial obligations intended to recoup "the costs of judicial resources expended in connection with the trial of the case." *Weir v. State*, 278 S.W.3d 364, 366–67 (Tex. Crim. App. 2009). In light of the above, we reform the bill of costs to delete the fine. *See Williams*, 495 S.W.3d at 591. Appellant remains obligated to pay the $10,000 fine reflected in the judgment of conviction. *See* TEX. R. APP. P. 43.2(b). We sustain Appellant's third issue.

### DISPOSITION

Having sustained Appellant's first issue, we *vacate* the restitution order in the trial court's judgment and *remand* the case to the trial court for reassessment of restitution. Having sustained Appellant's second issue, we *modify* the trial court's judgment and Attachment A to reflect that the amount of court costs is $297.50. *See* TEX. R. APP. P. 43.2(b). Having sustained Appellant's third issue, we further *modify* the bill of costs to delete the fine. *See id.* In all other respects, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered October 14, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 14, 2020**

**NO. 12-20-00025-CR**

**HOLLY LEANN ELLIOTT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1273-19)

THIS CAUSE came to be heard on the appellate record and briefs filed herein; and the same being considered, it is the opinion of this Court that there was error in a portion of the trial court's order, and that the same should be affirmed in part, reversed and remanded in part, and reformed in part.

It is therefore ORDERED, ADJUDGED and DECREED that the restitution order shall be reassessed by the trial court in accordance with this opinion; the trial court's judgment shall be **modified** to reflect that the amount of court costs is $297.50; the judgment also shall be **modified** to delete the fine from the bill of costs; in all other respects, be **affirmed**, and that the decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*