

# NUMBER 13-23-00128-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JAMES MICHAEL GRAY, **Appellant,**

**v.**

THE STATE OF TEXAS, **Appellee.**

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF ARANSAS COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Benavides**

Appellant James Michael Gray was convicted of burglary of a building, a state jail felony. *See* Tex. Penal Code Ann. § 30.02(c)(1). The trial judge sentenced Gray to two years' imprisonment and ordered restitution in the amount of $12,347.46. By a single issue, Gray argues that the trial court abused its discretion in ordering restitution. We affirm.

## I.    BACKGROUND

A grand jury indicted Gray for burglary of a commercial building belonging to Peninsula Plumbing. On March 8, 2023, Gray entered an open plea of guilty to the charged offense. After which, the trial court proceeded to hear evidence on guilt and punishment.

Stephen Clamon,[1] the owner of Peninsula Plumbing, testified to the financial impact of the burglary. A written summary of the total value of the items stolen and the insurance proceeds the business received because of the burglary was admitted into evidence without objection. According to the exhibit, Peninsula Plumbing suffered a net loss of $12,347.46. Clamon testified that he had receipts to support this amount, although those receipts were never admitted into evidence. Clamon also discussed the man hours worked to recoup Peninsula Plumbing's losses and the cost of the insurance deductibles Peninsula Plumbing paid, bringing the total amount of restitution the State sought to $16,533.86.

At the conclusion of the hearing, the trial court adjudicated Gray guilty of the charged offense. Without objection, the trial court sentenced Gray to two years in state jail and ordered him to pay $12,347.46 in restitution. The trial court signed a written order to the same effect on March 30, 2023. This appeal followed.

## II.    RESTITUTION CHALLENGES

By his sole issue, Gray contends that there was insufficient evidence to support the Court's restitution order of $12,347.46.

---

[1] Elsewhere in the record, he is referred to as "Stephen Claman." We spell his name as it appeared in the indictment.

## A.   Standard of Review & Applicable Law

A victim has a statutory right to restitution. *Burt v. State*, 445 S.W.3d 752, 756 (Tex. Crim. App. 2014); *see* TEX. CODE CRIM. PROC. ANN. art. 42.037 (providing that if restitution is not ordered, the court must state on the record the reasons for not doing so). "Due process considerations . . . require that there must be evidence in the record to show that the amount set by the court has a factual basis." *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980). If there is an insufficient factual evidentiary basis to support the restitution amount, "appellate courts should vacate and remand for a restitution hearing because the trial judge is authorized to assess restitution, but the amount . . . is not (yet) supported by the record." *Burt*, 445 S.W.3d at 758.

Generally, to preserve an issue for appeal, an appellant must first make their complaint to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). Although issues concerning the sufficiency of the evidence to support a judgment generally "need not be preserved for appellate review at the trial level, and [are] not forfeited by the failure to do so," *Moff v. State*, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004), objections challenging the evidentiary support for a restitution order must be made to the trial court. *Garcia v. State*, 663 S.W.3d 92, 97 (Tex. Crim. App. 2022).

We review challenges to restitution orders under an abuse of discretion standard. *Miller v. State*, 343 S.W.3d 499, 502–03 (Tex. App.—Waco 2011, pet. ref'd) (citing *Cartwright*, 605 S.W.2d at 288–89). "A trial court abuses its discretion when it acts without reference to any guiding rules or principles or acts arbitrarily or unreasonably, or when its decision is so clearly wrong that it lies outside the zone of reasonable disagreement."

3

*Johnson v. State*, 659 S.W.3d 464, 471 (Tex. App.—Texarkana 2022) (citing *Gonzalez v. State*, 117 S.W.3d 831, 839 (Tex. Crim. App. 2003)), *aff'd*, 680 S.W.3d 616, 619 (Tex. Crim. App. 2023).

## B.    Analysis

The State first argues that Gray failed to preserve his issue for appellate review because he failed to object to the restitution order in the trial court. *See* TEX. R. APP. P. 33.1(a)(1). Alternatively, the State argues that the trial court did not abuse its discretion because the court possessed a sufficient factual basis to determine the amount of the restitution order.

Gray does not dispute that he failed to object to the restitution order. Instead, he cites two cases for the proposition that he may raise this issue for the first time on appeal. We address each in turn.

In *Burt*, the trial court orally pronounced that the appellant would owe restitution without specifying the amount. 455 S.W.3d at 754. The amount was listed in the written judgment filed the next day. *Id.* Originally, the intermediate appellate court in *Burt* did not reach the restitution claim because it held that the issue had not been preserved at trial. *Id.* at 756. However, the court of criminal appeals reversed, noting that "the appellant . . . had no opportunity to object to the written order." *Id.* Here, unlike the appellant in *Burt*, Gray did have the opportunity to object to the restitution order. Indeed, the trial judge orally pronounced that Gray was to pay $12,347.46 in restitution during the sentencing phase of the trial, to which Gray did not object. The trial judge proceeded to ask if Gray understood the order, and Gray answered affirmatively. Nevertheless, this

4

appeal is Gray's first challenge to the restitution order. *See* TEX. R. APP. P. 33.1(a)(1).

Gray also cites *Idowu v. State* to support his argument that he did not need to preserve error at trial. *See* 73 S.W.3d 918, 922 (Tex. Crim. App. 2002) (holding that a factual basis challenge to a restitution order "could be considered an evidentiary sufficiency question that need not be preserved by objection at the trial level"), *abrogated by Garcia*, 663 S.W.3d at 96. In *Idowu*, the trial court ordered restitution, to which neither the appellant nor his counsel objected. *Id.* at 920. The appellant filed a motion for a new trial, but at the hearing, appellant's counsel simply argued that appellant "was not guilty, and therefore, should not be punished at all."[2] *Id.* at 921. The court of appeals declined to address appellant's restitution claim on the grounds that the appellant did not "raise any complaint about his sentence, including the condition ordering restitution, in his motion for new trial." *Id.* The court of criminal appeals agreed, concluding that challenges to the appropriateness of a restitution order must be raised in the trial court. *Id.* However, the *Idowu* court distinguished appropriateness challenges from factual basis challenges, and held that, although appropriateness challenges could not be raised for the first time on appeal, factual basis challenges could. *Id.* at 922.

The State correctly notes, however, that *Idowu* was recently abrogated by the court of criminal appeals in *Garcia*. 663 S.W.3d at 96. The court of criminal appeals no longer differentiates between factual basis challenges and appropriateness challenges, and instead requires that all "[c]hallenges to restitution orders . . . be raised in the trial court to preserve them for appellate review." *Id.* at 97.

---

[2] Unlike the appellant in *Idowu*, Gray did not file a motion for new trial.

Gray had the opportunity to object to the restitution order at trial. Failure to do so, under *Garcia*, warrants forfeiture of the challenge. *See id.*; TEX. R. APP. P. 33.1(a)(1). Accordingly, without reaching the merits of his claim, we overrule Gray's sole issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P 47.2(b).

Delivered and filed on the
5th day of July, 2024.

6