**Opinion issued December 6, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00880-CR

_____

**FRANK ORTEGON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 21st District Court**
**Washington County, Texas**
**Trial Court Case No. 16973**

---

## O P I N I O N

A jury convicted appellant, Frank Ortegon, of the first-degree felony offense

of aggravated robbery and, after appellant pleaded true to the allegations in two

enhancement paragraphs, assessed his punishment at forty years' confinement.[1] In one issue, appellant contends that the trial court improperly required him to pay restitution to the complainant because the jury did not specify restitution as part of his sentence in its punishment verdict. Appellant requests that this Court modify his judgment of conviction to delete the restitution requirement.

We affirm.

## Background

On October 10, 2013, the complainant, Tenola Washington, was working at an Exxon station in Chappell Hill, Texas. Around 11:00 p.m., after all of the customers and the cashier had left, Washington locked the store and began cleaning. Washington believed he was alone in the store at that time, but when he walked down the hall, a man, later identified as appellant, jumped out of a room carrying a gun. Appellant pointed the gun at Washington and demanded his wallet, which had about $300 dollars in it, his cell phone, and his keys. Appellant also forced his way into the office of the store, but Washington did not know whether appellant took any money or anything else from the office. Appellant tied Washington's hands with duct tape, put a bag over his head, and left him in a back room of the store. After tying Washington up, appellant called an unknown individual, and Washington later

---

[1] *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011).

heard two other people, in addition to appellant, talking inside the store. Washington waited for about forty-five minutes until he could no longer hear anyone else in the store and then he removed the bag from his head and walked down the street, while still tied up, to his boss's son's house to tell him about the robbery. Officers later arrested appellant, along with several accomplices, for this offense.

The jury ultimately convicted appellant of the robbery and, after appellant pleaded true to the allegations in two enhancement paragraphs, assessed his punishment at forty years' confinement.[2] The punishment charge did not ask the jury about restitution to the complainant, and the jury did not award restitution in its punishment verdict.

When the trial court orally pronounced appellant's sentence, in addition to stating the length of appellant's confinement, the amount of credit for time served, and the requirement that appellant pay court costs, the court also stated that the written judgment of conviction "will also include a requirement for payment of $300 in restitution for the cash money that was stolen from the victim, Tenola Washington." The trial court then advised appellant of his appellate rights and asked if appellant had any questions. Appellant asked about the possibility of an appeal

---

[2]      On appeal, appellant does not challenge the jury's guilty verdict or its punishment verdict.

3

bond. Neither appellant nor his trial counsel objected to the trial court's imposing a restitution requirement.

The written judgment included a requirement that appellant pay $300 in restitution to the complainant. Appellant did not file a post-judgment motion challenging the propriety of this requirement. This appeal followed.

## Propriety of Restitution Order

In his sole issue, appellant contends that the trial court improperly required him to pay restitution to the complainant because he elected to have the jury assess his punishment, and the jury did not impose a restitution requirement in its punishment verdict.[3] Appellant thus argues that the restitution order is void and that this Court should modify the judgment of conviction to delete this requirement.

We review challenges to restitution orders for an abuse of discretion. *See O'Neal v. State*, 426 S.W.3d 242, 246 (Tex. App.—Texarkana 2013, no pet.). Code

---

[3] The State argues that appellant failed to preserve this complaint for appellate review by failing to object to the restitution requirement. "If a defendant wishes to complain about the appropriateness of (as opposed to the factual basis for) a trial court's restitution order, he must do so in the trial court, and he must do so explicitly." *Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002); *see* TEX. R. APP. P. 33.1(a) (providing general preservation of error requirements). Here, appellant challenges the appropriateness of, not the factual basis for, the trial court's restitution order. When the trial court orally pronounced appellant's sentence, it expressly stated that it was imposing a restitution requirement. Appellant did not object at this time. The written judgment of conviction also contained a restitution requirement. Appellant did not file a motion for new trial or other post-judgment motion challenging this requirement. By failing to either object or file a post-judgment motion challenging the propriety of the restitution requirement, appellant failed to preserve this complaint for appellate review. *See Idowu*, 73 S.W.3d at 921.

4

of Criminal Procedure article 42.037 authorizes a trial court to award restitution to the victim of a criminal offense and provides:

> In addition to any fine authorized by law, *the court* that sentences a defendant convicted of an offense *may order the defendant to make restitution* to any victim of the offense . . . . If the court does not order restitution or orders partial restitution under this subsection, the court shall state on the record the reasons for not making the order or for the limited order.

TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2015) (emphasis added). Article 42.037 also directs the trial court, when determining whether to order restitution and the amount of restitution, to consider "the amount of the loss sustained by any victim" and "other factors the court deems appropriate." *Id.* art. 42.037(c). The State bears the burden of "demonstrating the amount of the loss sustained by a victim as a result of the offense." *Id.* art. 42.037(k).

The Court of Criminal Appeals has held that restitution "is a victim's statutory right." *Burt v. State*, 445 S.W.3d 752, 756 (Tex. Crim. App. 2014); *Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014) ("Restitution is not only a form of punishment, it is also a crime victim's statutory right."). In *Burt*, the court described several purposes that restitution orders serve:

> First, it restores the victim to the "status quo ante" position he was in before the offense. Second, restitution serves as appropriate punishment for the convicted criminal. We have said, "[a]s punishment, restitution attempts to redress the wrongs for which a defendant has been charged and convicted in court." Third, because restitution forces the offender to "address and remedy the specific harm that he has caused," it aids in the rehabilitation process as "it forces the

defendant to confront, in concrete terms, the harm his actions have caused." Fourth, restitution acts as a deterrent to crime. Indeed, the law so favors crime victims' compensation that our restitution statute requires the trial judge to justify his decision *not* to order restitution to a crime victim. Further, the statute provides that a parole panel "shall order the payment of restitution ordered" under Article 42.037, and it may revoke a defendant's parole or mandatory supervision if he fails to comply with the trial judge's restitution order.

445 S.W.3d at 756–57 (internal citations omitted); *Hanna*, 426 S.W.3d at 91 ("The legislature intended restitution to 'adequately compensate the victim of the offense' in the course of punishing the criminal offender.") (quoting *Cabla v. State*, 6 S.W.3d 543, 545 (Tex. Crim. App. 1999)). Due to these purposes, courts interpret restitution statutes "liberally to effectuate fairness to the victims of crime." *Burt*, 445 S.W.3d at 757; *see Hanna*, 426 S.W.3d at 91 ("A broad interpretation of the restitution statutes provides judges with 'greater discretion in effectuating opportunities for rehabilitating criminals, deterring future harms, and efficiently compensating victims.'").

Due process places three limitations on the restitution that a trial court may order: (1) the restitution ordered must be only for the offense for which the defendant is criminally responsible; (2) the restitution must be only for the victim or victims of the offense for which the defendant is charged; and (3) the amount must be just and supported by a factual basis in the record.[4] *Burt*, 445 S.W.3d at 758; *Campbell v.*

---

[4] Although appellant challenges only the propriety of the trial court's awarding restitution in the absence of a jury finding on restitution, to the extent appellant also

*State*, 5 S.W.3d 693, 696–97 (Tex. Crim. App. 1999). "[F]or purposes of the restitution statute, a 'victim' is any person who suffered loss as a direct result of the criminal offense," and this "includes the notion of both actual and proximate causation." *Hanna*, 426 S.W.3d at 94–95.

Here, appellant argues that the trial court improperly ordered restitution because he elected to have the jury assess punishment and restitution is a form of punishment, but the jury did not include a restitution finding in its punishment verdict. Appellant contends that, as a result, the trial court's restitution order exceeds the jury's punishment verdict and is therefore void. Appellant requests that this Court delete the restitution requirement from the judgment of conviction.

Appellant acknowledges that article 42.037 states that the trial court may order the defendant to make restitution, but he argues that because restitution is

---

argues that the restitution award in this case does not comport with due process, we note that this restitution award complies with each of the three limitations set out by the Court of Criminal Appeals. Here, the trial court awarded restitution for the aggravated robbery of Washington, and appellant does not challenge his conviction for this offense or otherwise argue that he is not criminally responsible for this offense. *See Burt v. State*, 445 S.W.3d 752, 758 (Tex. Crim. App. 2014); *Campbell v. State*, 5 S.W.3d 693, 697 (Tex. Crim. App. 1999). The trial court awarded restitution only to Washington, the complainant of the charged offense. *See Burt*, 445 S.W.3d at 758; *Campbell*, 5 S.W.3d at 697. And the trial court awarded $300 in restitution to Washington, and Washington testified that appellant stole $300 from his wallet during the robbery. The amount of restitution ordered by the trial court is thus just and supported by a factual basis in the record. *See Burt*, 445 S.W.3d at 758; *Campbell*, 5 S.W.3d at 696–97 (holding that restitution amount of $100,000 had factual basis in record when evidence at trial demonstrated that total monetary loss of nine of eleven named complainants was $108,324.56).

7

punishment, this section conflicts with article 37.07, which allows for a defendant to elect to have his punishment determined by the jury. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 2(b) (West Supp. 2015). Appellant, however, cites no law supporting the proposition that article 37.07 and article 42.037 conflict; he cites no law prohibiting a trial court from imposing restitution after a defendant elects to have the jury assess punishment; and he cites no law providing that a jury, as opposed to the trial court, may impose a restitution requirement.

Article 42.037 clearly authorizes a trial court to order a defendant to make restitution to a victim of the charged offense. *See id.* § 42.037(a). The statute does not include any provision limiting its application to situations in which the trial court, as opposed to the jury, assesses the defendant's sentence. *See Campbell*, 5 S.W.3d at 699 (stating that restitution must be only for offense for which defendant is criminally responsible, be only for victim of charged offense, and amount must be just and supported by factual basis in record, and these are "only limits" recognized by Court of Criminal Appeals). Instead, the statute provides that, "[i]n addition to any fine authorized by law, *the court* that sentences the defendant convicted of an offense may order the defendant to make restitution to any victim of the offense . . . ." TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (emphasis added). In construing a statute, we look to the plain language of the statute "in an effort to 'effectuate the collective intent or purpose of the legislators who enacted the

8

legislation.'" *Hanna*, 426 S.W.3d at 91 (quoting *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). Courts have historically "interpreted restitution statutes liberally to effectuate fairness to the victims of crime." *Burt*, 445 S.W.3d at 757; *see Hanna*, 426 S.W.3d at 96 ("But when the legislature specifically provides a procedural mechanism for compensating the victims of crime, that mechanism should not be unnecessarily or artificially limited.").

Although appellant is correct that restitution "serves as appropriate punishment for the convicted criminal," restitution is also "a victim's statutory right" and serves several purposes beyond punishing the defendant. *Burt*, 445 S.W.3d at 756; *Hanna*, 426 S.W.3d at 91 ("Restitution is not only a form of punishment, it is also a crime victim's statutory right."). The Court of Criminal Appeals has noted that, at common law, "the power to impose restitution rested with the judge" and that "[s]ince then, the authority to impose restitution has remained by statute with the judge." *Campbell*, 5 S.W.3d at 698; *Green v. State*, 880 S.W.2d 797, 802 & n.7 (Tex. App.—Houston [1st Dist.] 1994, no pet.) ("[C]ommon law does support that ordering restitution is a matter of *judicial* discretion.") (emphasis added). Our sister courts have repeatedly held that it is "the function of the trial court, not the jury, to establish the amount of restitution for inclusion in the sentence." *Davis v. State*, 757 S.W.2d 386, 389 (Tex. App.—Dallas 1988, no pet.); *see also O'Neal*, 426 S.W.3d at 246 (stating that "[a] sentencing court may order a defendant to pay restitution to

the victim of an offense" and that it is duty of trial court to "resolve any dispute relating to the proper amount or type of restitution"); *Drilling v. State*, 134 S.W.3d 468, 470 (Tex. App.—Waco 2004, order) (per curiam) ("A trial court is given broad discretion when granting restitution.").

We conclude that, although appellant elected to have the jury assess his punishment, the trial court had statutory authority to impose a restitution order. We therefore hold that the trial court did not abuse its discretion in ordering appellant to pay $300 in restitution to Washington.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Jennings, Keyes, and Brown.

Publish. TEX. R. APP. P. 47.2(b).