

NUMBER 13-18-00509-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE SHANE MATTHEW BUCHEL

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Longoria and Hinojosa**
**Memorandum Opinion by Justice Hinojosa[1]**

Shane Matthew Buchel, proceeding pro se, filed a petition for writ of mandamus in the above cause[2] through which he contends that the trial court erred by failing to "consolidate restitution." Buchel argues that the trial court incorrectly allowed the collection of restitution for multiple cases according to each individual judgment and the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 15-11-12,314A in the 24th District Court of DeWitt County, Texas. The respondent in this original proceeding is the Honorable Kemper Stephen Williams. *See* TEX. R. APP. P. 52.2. Buchel's petition for writ of mandamus seeks relief regarding fourteen other trial court cases as further explained in this opinion, and those additional cases have been docketed separately in this Court.

corresponding order to withdraw funds from his inmate trust account cases, even though the restitution was ordered in connection with concurrent sentences. We deny relief.

## I. BACKGROUND

Buchel was indicted for fifteen separate offenses of burglary of a habitation as a repeat offender in trial court cause numbers 15-11-12,314A, 15-11-12,315, 15-11-12,316, 15-11-12,317, 15-11-12,318, 15-11-12,319, 15-11-12,320, 15-11-12,321A, 15-11-12,322A, 15-11-12,323A, 15-11-12,324A, 15-11-12,325A, 15-11-12,326A, 15-11-12,327, and 15-11-12,328A.[3] In 2016, pursuant to a plea bargain agreement entered in all fifteen cases, Buchel agreed to "withdraw all pre-trial motions" and "waive all rights to appeal, including notice of appeal and motion for new trial." He pleaded guilty to each indictment and was sentenced in each case to forty years of imprisonment and was assessed court costs and restitution. The plea bargain agreement states that Buchel is to pay "[r]estitution to the victim in this cause in the amount of $30,000.00 [Joint and Several Liability]." The agreement lists fifteen different victims, and states "(Restitution to be pd. pro-rata to victims based on dollar value of their loss)." The plea agreement also states that "All cases to run concurrent." The judgment in each case states that "this sentence shall run concurrently." Each judgment also expressly incorporates an "Order to

---

[3] Buchel has provided the Court with a limited record in support of his claim for relief. *See* TEX. R. APP. P. 52.3(k), 52.7(a). The State has provided supplemental documents for our consideration. *See id*. R. 52.7(b). We note that the record and argument provided by the parties contain discrepancies pertaining to, inter alia, the number of cases subject to concurrent sentences and the total amount of restitution ordered. Certain language in the pleadings would suggest that there are sixteen or eighteen cases rather than fifteen, and further indicate that the total amount of restitution is either $30,000.00 or $38,045.70. Given our resolution of this original proceeding, we need not further consider these discrepancies here.

Withdraw Funds" authorizing withdrawals from Buchel's inmate trust account for the specific court costs and restitution ordered in each case.[4]

Buchel did not appeal these judgments. On or about March 27, 2017, Buchel filed a letter with the district clerk stating that he was having trouble with his inmate trust account because the Texas Department of Criminal Justice (TDCJ) was withdrawing "10% for court fees per case per deposit," and because he had "18 felonies," they were "taking 180% of all funds per month." He stated that his attorney had told him that only 35% would be taken from his inmate trust account on every $100 deposit. He told the district clerk that TDCJ indicated that they needed a court order from the trial court to "consolidate" these cases. This letter from Buchel to the district clerk includes a notation from the trial court stating "No action at this time" which is initialed by the judge and dated April 10, 2017.

On August 7, 2017, Buchel again requested the trial court to consolidate the court costs and restitution on his cases. On August 15, 2017, the trial court sent a letter to the district clerk stating that he had received correspondence from Buchel "regarding the fines, court costs, and restitution on his several cases." The trial court's letter stated that he agreed with Buchel that "under current law, the fines and court costs should be consolidated for the purpose of the garnishment of his commissary account and it is so ordered." However, the trial court further stated that "I am not aware of any law that the restitution amounts are required to be consolidated (which makes sense when you have

---

[4] *See* TEX. GOV'T CODE ANN. § 501.014 (West, Westlaw through 2017 1st C.S.). A prison inmate's property interest in his or her inmate trust account is protected by due process requirements, including notice and an opportunity to be heard. *See Harrell v. State*, 286 S.W.3d 315, 320–21 (Tex. 2009); *In re D.L.D.*, 374 S.W.3d 509, 514 (Tex. App.—San Antonio 2012, no pet.); *In re Hart*, 351 S.W.3d 71, 75 (Tex. App.—Texarkana 2011, orig. proceeding).

multiple victims as here)." The trial court stated that if he were "presented some law to the contrary," he would "make further orders." He requested the clerk to "file this order and forward a copy to Mr. Buchel."

On May 7, 2018, the court signed an order stating that "the assessment of fines and court costs in each cause is hereby waived" but that "the judgments for restitution, however, shall remain in full force and effect."

On July 31, 2018, Buchel sent correspondence to an unidentified individual, presumably with the clerk's office, stating that he understood that he owed $38,045.70 in restitution fees and again requested consolidation of the restitution fees and stated that "the restitution fees in all of the 18 cases will then become a whole, as one." The trial court noted on this letter that "Because of the number of victims and the amounts they are owed, I am not going to consolidate the restitution." He signed and dated his notation on August 10, 2018.

On September 17, 2018, Buchel filed a "Motion to Modify Notification of Withdrawal of Funds From Inmate Trust Account" with this Court through which he contends that the trial court erred by failing to "consolidate restitution" in the trial court cause numbers listed herein. Buchel reasoned that because the sentence in each of the fifteen cases runs concurrently, all restitution and fees should run concurrently as well. We construed this pleading as a petition for writ of mandamus. We requested that the State of Texas, acting by and through the District Attorney for DeWitt County, Texas, or any others whose

interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.2, 52.4, 52.8.[5]

The State filed a response to the petition through which it contends that the requested relief—modification of the restitution—does not constitute a ministerial act and Buchel possessed an adequate remedy by appeal.

## II. STANDARD OF REVIEW

As a threshold matter, we must determine what standard of review to apply to this proceeding. The parties have treated this as a criminal, rather than civil matter, and we agree with that classification. Ordinarily, a withdrawal order from an inmate trust fund is "more substantively civil than criminal." *Harrell v. State*, 286 S.W.3d 315, 319 (Tex. 2009). However, the arguments regarding restitution in this case arise from the construction and enforcement of criminal statutes and criminal law is the focus of this action. Accordingly, we classify this as a criminal law matter and we apply the corresponding standard of review. *See generally Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011); *Harrell*, 286 S.W.3d at 319; *In re Johnson*, 280 S.W.3d 866, 873–74 (Tex. Crim. App. 2008) (orig. proceeding).

To be entitled to mandamus relief, a party must have a clear right to the relief sought. *Ex parte Johnson*, 541 S.W.3d 827, 831 (Tex. Crim. App. 2017) (orig. proceeding). We may grant mandamus relief if a relator shows that the act sought to be

---

[5] Buchel has further filed a motion for nihil dicit judgment in this proceeding alleging that the State "abandoned" this issue and failed to timely file a response to the petition for writ of mandamus. We note that a judgment nihil dicit occurs when a defendant has (1) entered some plea, usually of a dilatory nature, but one which does not place the merits of the plaintiff's case in issue; or (2) withdrawn his answer. *Frymire Engineering Co. v. Grantham*, 524 S.W.2d 680, 681 (Tex. 1975) (per curiam); *In re R.K.P.*, 417 S.W.3d 544, 549 (Tex. App.—El Paso 2013, no pet.); *Mangrum v. Conrad*, 185 S.W.3d 602, 605 (Tex. App.—Dallas 2006, pet. denied); *see also Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 184 n.8 (Tex. 2012). In this case, however, the State timely filed its response to the petition. Accordingly, we deny Buchel's motion.

5

compelled is purely ministerial and there is no adequate remedy at law. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam order); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Equitable principles are necessarily involved when we consider whether mandamus should issue. *In re Medina*, 475 S.W.3d 291, 297–98 (Tex. Crim. App. 2015) (orig. proceeding).

The Texas Court of Criminal Appeals has discussed the ministerial duty requirement in terms of the trial court's "authority or jurisdiction." *In re Medina*, 475 S.W.3d at 298. The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought because the facts and circumstances dictate but one rational decision under unequivocal, well-settled, and clearly controlling legal principles. *In re Bonilla*, 424 S.W.3d 528, 533 (Tex. Crim. App. 2014) (orig. proceeding). "A ministerial act, by its nature, does not involve the use of judicial discretion; it must be positively commanded and so plainly prescribed under the law as to be free from doubt." *In re Medina*, 475 S.W.3d at 297. Stated otherwise, the merits of the relief sought must be beyond dispute. *In re Harris*, 491 S.W.3d at 334.

The governing law must be of such "absolute clarity and certainty" that nothing is left to the court's discretion. *Powell v. Hocker*, 516 S.W.3d 488, 495 (Tex. Crim. App. 2017); *State ex rel. Young*, 236 S.W.3d at 210. Stated otherwise, the governing law must be definite, unambiguous, and unquestionably applicable to the indisputable facts of the case. *Powell*, 516 S.W.3d at 495; *State ex rel. Young*, 236 S.W.3d at 210. An issue of

6

first impression can sometimes qualify for mandamus relief under these criteria, as when the factual scenario has never been precisely addressed but the principle of law has been clearly established. *See In re Allen*, 462 S.W.3d 47, 50 (Tex. Crim. App. 2015) (orig. proceeding); *abrogated on other grounds by Petetan v. State*, No. AP-77, —— S.W.3d –——, 2017 WL 915530 (Tex. Crim. App. Mar. 8, 2017); *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding); *see also In re Harris*, 491 S.W.3d at 334 (stating that even though an issue may be one of first impression, it does not necessarily follow that the law is not well-settled). When an issue is presented of first impression, the relator is entitled to relief only if the principle of law he relies upon is "positively commanded and so plainly prescribed under the law as to be free from doubt." *In re Allen*, 462 S.W.3d at 50. In keeping with these principles, examples of ministerial acts include vacating an order, forwarding a notice of appeal, issuing process under the direction of a judge, issuing or executing capias after mandate has issued, and considering a motion that is properly filed and before the court. *See*, *e.g.*, *State ex rel. Hill v. Ct. of Apps. for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001); *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (op. on reh'g); *In re Melton*, 478 S.W.3d 153, 157 (Tex. App.—Texarkana 2015, orig. proceeding).

The mere existence of a remedy at law does not prevent mandamus from issuing. *Smith v. Flack*, 728 S.W.2d 784, 792 (Tex. Crim. App. 1987) (orig. proceeding) (en banc). "In some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *In re Medina*, 475 S.W.3d at 298 (quoting *Smith*, 728 S.W.2d

at 792). However, "the extraordinary remedy of mandamus or prohibition is not a substitute for and cannot be used to perform the office of appeal." *Id.*

## III. ARGUMENTS AND APPLICABLE LAW

Buchel contends that because the sentence in each of the fifteen cases runs concurrently, the trial court erred by failing to consolidate restitution in the cases as well. The State contends that the determination of whether restitution should be consolidated by the trial court "must be based on a balance of punishment to the defendant, fairness to crime victims, and the benefits to society," and accordingly, the decision to not consolidate the restitution amounts in these cases should be considered a discretionary act. In this regard, the State contends that restitution has multiple purposes beyond punishment insofar as it, inter alia, also compensates the victim of the offense.

Texas Penal Code Section 3.03(a) governs sentences for offenses arising out of the same criminal episode prosecuted in a single criminal action, as with Buchel's burglary of a habitation indictments. TEX. PENAL CODE ANN. § 3.03 (West, Westlaw through 2017 1st C.S.). This section provides a limit on the trial court's discretion to cumulate the sentences. *See id.*; *DeLeon v. State*, 294 S.W.3d 742, 745 (Tex. App.—Amarillo 2009, pet. ref'd); *Millslagle v. State*, 150 S.W.3d 781, 784 (Tex. App.—Austin 2004, pet. dism'd). With certain specific exceptions, which are not applicable here, section 3.03(a) provides that when an accused "is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced," and "the sentences shall run concurrently." TEX. PENAL CODE ANN. § 3.03(a).

8

The Texas Court of Criminal Appeals has held that the concurrent sentences provision of section 3.03 applies to a defendant's entire sentence. *State v. Crook*, 248 S.W.3d 172, 177 (Tex. Crim. App. 2008). In *Crook*, the court held that the trial court was "required" by statute to order the defendant's thirteen separate fines to run concurrently. *Id.* at 173. The court stated that a fine was part of a defendant's sentence, and after reviewing the legislative history of section 3.03, concluded that "the concurrent sentences provision of Section 3.03(a) applies to the entire sentence, including fines." *Id.* at 177. Cases following *Crook* have essentially concluded that a defendant cannot be assessed more than one fine where a trial court's order requires that the defendant's sentences run concurrently. *See*, *e.g.*, *Williams v. State*, 495 S.W.3d 583, 591 (Tex. App.—Houston [1st Dist.] 2016, pet. dism'd) (reforming judgments to delete fines and requiring appellant to pay only the fine for the first of three cases); *Wiedenfeld v. State*, 450 S.W.3d 905, 907 (Tex. App.—San Antonio 2014, no pet.) (requiring the trial court to modify its judgment, indicating cumulative fines, to comport with its oral pronouncement of concurrent fines and to amend its withdrawal notification directing the Texas Department of Criminal Justice—Institutional Division to reflect withdrawals commensurate with the modified judgment); *Habib v. State*, 431 S.W.3d 737, 742 (Tex. App.—Amarillo 2014, pet. ref'd) ("Because the oral pronouncement of sentence controls, we will delete the fine from the second judgment.").

Texas Code of Criminal Procedure article 42.037 authorizes a trial court to award restitution to the victim of a criminal offense and provides:

> In addition to any fine authorized by law, the court that sentences a defendant convicted of an offense may order the defendant to make restitution to any victim of the offense . . . . If the court does not order restitution or orders partial restitution under this subsection, the court shall

state on the record the reasons for not making the order or for the limited order.

TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West, Westlaw through 2017 1st C.S.). Article 42.037 also directs the trial court, when determining whether to order restitution and the amount of restitution, to consider "the amount of the loss sustained by any victim" and "other factors the court deems appropriate." *Id.* art. 42.037(c). The State bears the burden of "demonstrating the amount of the loss sustained by a victim as a result of the offense." *Id.* art. 42.037(k).

Restitution is punitive in nature. *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009); *see Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006); *Hill v. State*, 440 S.W.3d 670, 674 (Tex. App.—Tyler 2012, no pet.) (stating that fines and restitution are punitive in nature, whereas court costs and attorney's fees are compensatory and nonpunitive). However, restitution is also "a victim's statutory right." *Burt v. State*, 445 S.W.3d 752, 756 (Tex. Crim. App. 2014); *see Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014) ("Restitution is not only a form of punishment, it is also a crime victim's statutory right."); *see also Ortegon v. State*, 510 S.W.3d 181, 184–85 (Tex. App.—Houston [1st Dist.] 2016, no pet.). In *Burt*, the court summarized the purposes that restitution serves as follows:

> First, it restores the victim to the "status quo ante" position he was in before the offense. Second, restitution serves as appropriate punishment for the convicted criminal. We have said, "[a]s punishment, restitution attempts to redress the wrongs for which a defendant has been charged and convicted in court." Third, because restitution forces the offender to "address and remedy the specific harm that he has caused," it aids in the rehabilitation process as "it forces the defendant to confront, in concrete terms, the harm his actions have caused." Fourth, restitution acts as a deterrent to crime. Indeed, the law so favors crime victims' compensation that our restitution statute requires the trial judge to justify his decision not to order restitution to a crime victim. Further, the statute provides that a

10

parole panel "shall order the payment of restitution ordered" under Article 42.037, and it may revoke a defendant's parole or mandatory supervision if he fails to comply with the trial judge's restitution order.

445 S.W.3d at 756–57 (internal citations omitted); *see Hanna*, 426 S.W.3d at 91; *Cabla v. State*, 6 S.W.3d 543, 545 (Tex. Crim. App. 1999). Because restitution statutes have the foregoing purposes, courts interpret restitution statutes "liberally to effectuate fairness to the victims of crime." *Burt*, 445 S.W.3d at 757. Broadly interpreting these statutes allows judges greater discretion in providing for the rehabilitation of criminal defendants, deterring future harms, and efficiently compensating victims. *See Hanna*, 426 S.W.3d at 91; *Ortegon*, 510 S.W.3d at 185. There are three due process limitations on the restitution that a trial court may order: (1) the restitution ordered must be only for the offense for which the defendant is criminally responsible; (2) the restitution must be only for the victim or victims of the offense for which the defendant is charged; and (3) the amount must be just and supported by a factual basis in the record. *Burt*, 445 S.W.3d at 758; *Campbell v. State*, 5 S.W.3d 693, 696–97 (Tex. Crim. App. 1999); *Ortegon*, 510 S.W.3d at 185.

Restitution is part of a defendant's sentence. *See Burt*, 445 S.W.3d at 754 (discussing restitution as part of the oral pronouncement of sentence and concluding that an unclear restitution order should be vacated and remanded for a new restitution hearing); *Weir*, 278 S.W.3d at 365–367 (distinguishing "court costs" from other assessments, including restitution, which are punitive in nature and thus considered part of sentence); *Ex parte Cavazos*, 203 S.W.3d at 338 ("We have held that restitution is punishment.); *Hill*, 440 S.W.3d at 674 (concluding that court costs and attorney's fees are compensatory and nonpunitive whereas fines and restitution are punitive); *Sauceda v. State*, 309 S.W.3d 767, 769–70 (Tex. App.—Amarillo 2010, pet. ref'd) (concluding that

11

the trial court's failure to include an order for restitution in the oral pronouncement of sentence precluded it from entering order for restitution).

## IV. ANALYSIS

After examining and fully considering the petition for writ of mandamus, the response, the applicable law, and the limited record presented in this case, we conclude that Buchel has not met his burden to obtain mandamus relief. While Buchel has presented an interesting and novel argument regarding the assessment of restitution in a case involving concurrent sentences, he has not established either that the trial court had a ministerial duty to order the restitution to run concurrently or that he lacked an adequate remedy by appeal.

We conclude that the ministerial duty requirement for mandamus relief has not been met in several respects. First, the award of restitution implicates the use of judicial discretion rather than arising from a ministerial duty. We review challenges to restitution orders for an abuse of discretion. *See Ortegon*, 510 S.W.3d at 184; *Fuelberg v. State*, 447 S.W.3d 304, 317 (Tex. App.—Austin 2014, pet. ref'd); *see also Campbell*, 605 S.W.2d at 289. Similarly, we review a trial court's decision whether to grant or deny a challenge to a withdrawal notification or order under an abuse of discretion standard. *See Williams v. State*, 332 S.W.3d 694, 698 (Tex. App.—Amarillo 2011, pet. denied). Second, the governing law is not definite, unambiguous, and unquestionably applicable to the indisputable facts of the case. *See Powell*, 516 S.W.3d at 495; *State ex rel. Young*, 236 S.W.3d at 210. Neither Buchel nor the State have provided this Court with any authority that applies the law regarding concurrent sentences to restitution, and the principles underlying the award of restitution are arguably, in some respects, dissonant with the

12

statutory scheme regarding concurrent sentencing. The principles of law that Buchel relies upon in arguing that restitution must run concurrently are not positively commanded and so plainly prescribed under the law as to be free from doubt. *See In re Allen*, 462 S.W.3d at 50. And finally, given that restitution is a victim's statutory right and that restitution serves multiple beneficial purposes, including rehabilitation and deterrence, *see Burt*, 445 S.W.3d at 756, we conclude that equitable principles do not favor Buchel's position. *See In re Medina*, 475 S.W.3d at 297–98.

We further determine that the circumstances present here do not indicate that Buchel lacked an adequate remedy by appeal. Buchel did not appeal the judgments of conviction at issue, which incorporated the withdrawal orders, and he did not appeal the orders denying his motions to consolidate the restitution. *See Williams*, 332 S.W.3d at 698 (stating that the trial court's disposition of a motion challenging a withdrawal order is appealable); *Ramirez v. State*, 318 S.W.3d 906, 908 (Tex. App.—Waco 2010, no pet.) (same).[6]

## V. CONCLUSION

We deny the petition for writ of mandamus. Our denial is based on the limited record provided, the issue presented and briefed, and the law applicable to original proceedings. In this regard, we note that Buchel's fundamental complaint appears to be that his inmate trust account is being garnished at a rate in excess of one hundred percent each month because separate withdrawal orders, each containing the standardized withdrawal percentages applicable to deposits into Buchel's trust account, were issued in

---

[6] An "order to withdraw funds" is not considered a final, appealable order; it is merely a "notification by a court" instructing prison officials to withdraw funds from an inmate's account as required by statute; however, an inmate may appeal from a trial court's final order denying the inmate's motion to modify or rescind the withdrawal. *Harrell*, 286 S.W.3d at 315–16.

13

all of his cases. However, the parties have not raised or briefed any issues regarding whether this was the trial court's intent, or whether one consolidated withdrawal order for all the cases would have been appropriate given the imposition of concurrent sentences, or whether the standardized withdrawal percentages utilized by TDCJ could be modified. Accordingly, we express no opinion regarding these matters, and our decision here should not be construed as to limit the trial court's broad and continuing discretion regarding Buchel's payment of restitution and how the payments of restitution are to be made.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
6th day of December, 2018.