

# NUMBER 13-18-00340-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RANDY ALAN HILLIARD,                                    Appellant,

v.

THE STATE OF TEXAS,                                    Appellee.

On appeal from the 249th District Court
of Somervell County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes**
**Memorandum Opinion by Chief Justice Contreras**

Appellant Randy Alan Hilliard appeals from his conviction for burglary of a habitation, a second-degree felony. *See* TEX. PENAL CODE ANN. § 30.02(c)(2) (West, Westlaw through 2017 1st C.S.). By one issue, appellant argues the trial court abused its discretion when it ordered him to pay $40,737.84 in restitution. We affirm.

## I. BACKGROUND[1]

Appellant was indicted on two counts: (1) burglary of a habitation and (2) unauthorized use of a vehicle. *See id.* §§ 30.02(c)(2), 31.07 (West, Westlaw through 2017 1st C.S.). The indictment included an enhancement allegation. Appellant entered into a plea agreement with the State, signed a judicial confession to the burglary of a habitation charge, and pleaded guilty to that offense. In turn, the State dropped count two for unauthorized use of a vehicle and the enhancement paragraph, recommended punishment to be assessed at twenty years' imprisonment in the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID), and left the issue of restitution open for the trial court's determination. As part of the agreement, appellant waived his right to an appeal, except as to the restitution hearing. The trial court accepted the plea bargain agreement, found appellant guilty of burglary of a habitation, and sentenced him to twenty years' imprisonment in TDCJ-ID.

At the restitution hearing, the court heard testimony from the owner of the home appellant burglarized, Ann Carver, and from the criminal investigator who worked the case, Terry Early. Our review of the record shows Carver provided testimony regarding the following itemized losses and damages she suffered as a result of the burglary, totaling $40,837.04:

- $200 to repair a fence because appellant cut through it;

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

2

- $2,323.04 to replace a jacuzzi tub in her bathroom because broken glass that fell into it cut the tile and jacuzzi lining[2];

- $1,493 to replace her electronic safe because appellant damaged the safety mechanisms;

- $2,325 to repair damage to the floor in a hidden room in Carver's home, the specialized lock and door to that room, and the sheetrock of the walls in the room because appellant damaged them;

- $640 to replace windows broken by appellant[3];

- $1,070 to have everything cleaned up;

- $200 to have the broken windows boarded up;

- $300 to have somebody "clean up after the law enforcement was in there and all";

- $300 for her sister to come out to the home on the night of the incident and on the day after the incident;[4]

- $10,000 in missing cash;

- $20,270 in missing jewelry;

- $1,000 in missing miscellaneous tools, including wrenches, saws, and a crowbar;

- $30 for hot rollers that were stolen;

---

[2] Carver testified the jacuzzi had not yet been replaced but that she received an estimate from Home Depot for the cost of replacing the Jacuzzi.

[3] Carver testified that the window to her sun room was broken into, the picture window that goes into the bathroom was also broken, and the storm window inside the picture window was also broken.

[4] Carver was out of town on the day of the burglary.

3

- an unspecified number of blue vases that appellant broke, valued at $100 each;

- four or five antique perfume bottles valued at $100 each that appellant broke; and

- $85 for a bottle of Beautiful by Estee Lauder that was stolen.

Early corroborated Carver's testimony and testified that he asked Carver to provide him with an itemized list of the damages and missing items, which she did. Early explained the list Carver provided to him matched up with the testimony Carver provided at the hearing. The trial court ordered appellant to pay $40,737.84 in restitution. This appeal followed.

## II. DISCUSSION

### A. Applicable Law & Standard of Review

The Texas Code of Criminal Procedure authorizes the sentencing court to order payment of restitution to the victim for losses sustained as a result of the convicted offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West, Westlaw through 2017 1st C.S.). When calculating restitution in an offense that results in the damage or destruction of property, the court may order the defendant:

(A) to return the property to the owner of the property or someone designated by the owner; or

(B) if return of the property is impossible or impractical or is an inadequate remedy, to pay an amount equal to the greater of:

    (i)    the value of the property on the date of the damage, loss, or destruction; or

    (ii)    the value of the property on the date of sentencing, less the value of any part of the property that is returned on the date the property is returned.

4

*Id.* art. 42.037(b)(1).

Article 42.037 also directs the trial court, when determining whether to order restitution and the amount of restitution, to consider "the amount of loss sustained by any victim" and "other factors the court deems appropriate." *Id.* art. 42.037(c); *Ortegon v. State*, 510 S.W.3d 181, 184 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Sanders v. State*, 346 S.W.3d 26, 35 (Tex. App.—Fort Worth 2011, pet. ref'd); *see Cabla v. State*, 6 S.W.3d 543, 546 (Tex. Crim. App. 1999). Courts interpret restitution statutes "liberally to effectuate fairness to the victims of the crime." *Burt v. State*, 445 S.W.3d 752, 756 (Tex. Crim. App. 2014); *see Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014). "Indeed, the law so favors crime victims' compensation that our restitution statute requires the trial judge to justify his decision *not* to order restitution to a crime victim." *Burt*, 445 S.W.3d at 756 (citing TEX. CODE CRIM. PROC. ANN. art. 42.037(a)) (emphasis in original).

While the sentencing court is authorized to order restitution, due process requires three restrictions on the restitution a trial court may order: (1) the amount must be just and supported by a factual basis within the record, (2) the restitution ordered must be only for the offense for which the defendant is criminally responsible, and (3) the restitution ordered must be proper only for the victim or victims of the offense with which the offender is charged. *Miller v. State*, 343 S.W.3d 499, 502 (Tex. App.—Waco 2011, pet. ref'd); *Cantrell v. State*, 75 S.W.3d 503, 512 (Tex. App.—Texarkana 2002, pet. ref'd); *see Cabla*, 6 S.W.3d at 546.

We review a trial court's award of restitution for an abuse of discretion. *Cartwright v. State*, 605 S.W.2d 287, 288–89 (Tex. Crim. App. 1980); *Miller*, 343 S.W.3d at 502. The trial court abuses its discretion if it acts in an arbitrary or unreasonable manner.

5

*Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). A trial court abuses its discretion when it sets restitution in an amount that is unjust or unsupported by facts. *Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999) (en banc); *Sanders*, 346 S.W.3d at 35. The State bears the burden of demonstrating the amount of the loss sustained by the victim by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 42.037(k); *Campbell*, 5 S.W.3d at 696–97.

## B.    Analysis

Appellant argues that the trial court's award of $40,737.84 lacked a factual basis. Specifically, appellant argues there was no documentary evidence to support an award and that Carver's testimony in support of the award was inconsistent.

"The amount of restitution must be just, and it must have a factual basis within the loss of the victim." *Campbell*, 5 S.W.3d at 696. As noted, the trial court must consider (1) the amount of loss sustained by the victim and (2) other factors the court deems appropriate. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(c). The victim's "loss must be a 'but for' result of the criminal offense and resulted 'proximately,' or foreseeably, from the criminal offense." *Hanna*, 426 S.W.3d at 95.

Evidence of damages can come from many sources, including expert testimony, estimates from insurance adjusters, and lay testimony from a property owner about the value of his property. *Fuelberg v. State*, 447 S.W.3d 304, 318 (Tex. App.—Austin 2014, pet. ref'd); *cf. Campbell v. State*, 426 S.W.3d 780, 783–84 (Tex. Crim. App. 2014) (explaining different methods of proving damages for criminal mischief by destruction). Thus, contrary to appellant's argument, there is no requirement that the State present

documentary evidence in support of a restitution award, and appellant has not pointed us to any authority requiring such.

Here, Carver testified to the losses itemized above, which total $40,837.04. Yet, the trial court awarded a smaller amount in restitution: $40,737.84. Carver explained in her testimony how the damages were caused by appellant during the burglary and how appellant stole jewelry, cash, and other items. Carver also provided testimony regarding the value of the stolen jewelry, cash, and other items. Early's testimony supported and corroborated Carver's testimony. Thus, we conclude that the amount is just and supported by a factual basis within the record. *See Miller*, 343 S.W.3d at 502; *see, e.g.*, *Maes v. State*, 275 S.W.3d 68, 73 (Tex. App.—San Antonio 2008, no pet.) (concluding that victim's testimony admitted without objection was adequate to support the restitution order); *Burris v. State*, 172 S.W.3d 75, 78 (Tex. App.—Fort Worth 2005, no pet.) (concluding that testimony from victim with personal knowledge of the amount of expenses incurred was adequate to support restitution order); *Maloy v. State*, 990 S.W.2d 442, 444–45 (Tex. App.—Waco 1999, no pet.) (same). Furthermore, the restitution ordered was related only to the offense for which appellant is criminally responsible and it applied only to the losses suffered by the victim of the offense. *See Campbell*, 5 S.W.3d at 687 ("A trial court may not order restitution for an offense for which the defendant was not criminally responsible"); *Miller*, 343 S.W.3d at 502. Therefore, the trial court did not abuse its discretion when it ordered appellant to pay $40,737.84 in restitution, and we reject appellant's argument that the trial court's restitution award lacked a factual basis.

Next, appellant argues that Carver's testimony is questionable in several aspects. Appellant argues that Carver's testimony is questionable because she did not file an

insurance claim with her homeowner's insurance policy. Appellant cites no authority, and we have found none, requiring that a home owner file a claim with their homeowner's insurance policy as a prerequisite to a restitution award. In any event, the trial court was the exclusive judge of Carver's credibility. Accordingly, we reject this argument.

Appellant also argues that Carver's testimony concerning the jacuzzi was inconsistent. Carver initially testified that the jacuzzi had been replaced but later explained that the jacuzzi had not yet been replaced. Carver explained the amount she provided was for the cost of replacing the jacuzzi, which she obtained from an estimate from Home Depot. As noted earlier, lay testimony about the value of the property is acceptable as a source of value for the purpose of restitution, and we concluded the trial court had a factual basis for the restitution award. *See Fuelberg*, 447 S.W.3d at 318; *cf. Campbell*, 426 S.W.3d at 783–84 *see also* TEX. CODE CRIM. PROC. ANN. art. 42.037(k); *O'Neal v. State*, 426 S.W.3d 242, 246–47 (Tex. App.—Texarkana 2013, no pet.) (noting that the trial court is the judge of the credibility of the witnesses in a restitution hearing and resolves any factual disputes regarding the appropriate restitution amount). Because the trial court had a factual basis for the restitution award concerning the jacuzzi, the trial court's restitution award for the loss incurred by Carver from the damage done to the jacuzzi was not unreasonable or arbitrary. *See Campbell*, 5 S.W.3d at 696; *Montgomery*, 810 S.W.2d at 380; *Miller*, 343 S.W.3d at 502. Thus, we also reject this argument.

Finally, appellant argues that, even if all the amounts testified to by Carver are added up, the trial court's award is still over $300 more than the amounts testified to. We disagree. Our review of the record shows that Carver testified there were four or five

antique perfume bottles broken with a value of $100 each. Appellant has only included the cost of one of the perfume bottles in his calculation. We reject this argument.

We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
4th day of April, 2019.